Chris M. Heikaus Weaver, Bar No. 231907
*chris@achwlaw.com*
Aitken Campbell Heikaus Weaver, LLP
3890 Eleventh St., Suite 210
Riverside, CA 92501
Telephone:  (951) 530-4840
Facsimile:   (951) 344-1762
Local Counsel for Plaintiffs

Rebecca Houlding
Giselle Schuetz
*rebecca@joshuafriedmanesq.com*
Law Offices of Joshua Friedman, P.C.
1050 Seven Oaks Ln.
Mamaroneck, NY 10543
Telephone:  (888) 369-1119 x5
Facsimile:   (866) 731-5553
Admitted Pro Hac Vice on Behalf of Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY SELLARS, CLAUDIA LOPEZ, and LESLIE FORTUNE, On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., <br><br> Defendant. | Case No. 5:15-cv-969 PA (DTBx) <br><br> **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** <br> The Hon. Percy Anderson <br><br> Date:        October 5, 2015 <br> Time:        1:30 p.m. <br> Courtroom: 15 |

1

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| | Table of Authorities | |
| I | Introduction | 1 |
| II | Argument | 1 |
| A | Plaintiff Sellars is not alleging continued employment; her constructive discharge claim should not be dismissed | 1 |
| B | Defendant's specious argument that venue is improper should be rejected out of hand | 2 |
| C | A FRCP 12(b)(6) dismissal is not appropriate where Plaintiffs have adequately alleged FEHA coverage | 7 |
| D | Defendant's motion in the alternative for transfer to Iowa should be denied because Plaintiffs' choice of venue is entitled to deference and significant activity occurred in this District | 12 |
| 1 | Plaintiffs' Choice Of Forum Is Entitled to Substantial Deference | 14 |
| 2 | The Location of Non-Party Witnesses Does Not Favor Transfer | 15 |
| 3 | Sources of Documentary Evidence Do Not Tip the Scales | 17 |
| 4 | The Governing Law Favors California | 19 |
| 5 | Litigation Costs Are Not Minimized By Transfer | 19 |
| 6 | The Interests of Justice Do Not Compel Transferring the Case | 20 |
| 7 | The Totality of the Circumstances Do Not Favor Transfer | 23 |
| E | Defendant's Motion to Stay Should be Denied as Moot and because even if Defendant's motions were granted, discovery is still necessary to Plaintiffs' Title VII claims | 24 |
| IV | Conclusion | 25 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**CASES:**

Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991)     20, 21

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)     7, 8

Bell Atlantic v. Twombly, 550 U.S. 544 (2007)     7, 8

Berry v. Potter,  2006 U.S. Dist. LEXIS 6756 (D. Ariz. 2006)     5

Campbell v. Arco Marine, 42 Cal. App. 4Th 1850 (1996)     passim

Catch Curve, Inc. v. Venali, Inc., 2006 U.S.Dist. Lexis 96379 (C.D.Ca. 2006)     14

Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270 (9th Cir. 1979)     12-14

Cruz v. Beto, 405 U.S. 319  (1972)     8

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986)     13, 14

EEOC v. Arabian American Oil Co., 499 U.S. 244 (1991)     9

Ellis v. Costco Wholesale Corp., 372 F. Supp. 2D 530 (N.D. Cal. 2005)     passim

Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,

     820 F.Supp. 503 (C.D. Cal. 1992)     13

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)     23

Gundle v. Fireman's Fund Insurance Co., 844 F.Supp. 1163 (S.D. Tex. 1994)     16

In Re: Horseshoe Entertainment, 337 F.3d 429 (5th Cir. 2003)     14

Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)     14, 19

Kang v. U. Lim Am., Inc., 296 F.3d 810 (9th Cir. 2002)     9

Kina v. United Air Lines, Inc., 2008 U.S. Dist. LEXIS 98948 (N.D. Cal. 2008)     16

Kor Media Group, LLC v. Green, 294 F.R.D. 579 (D. Nev. 2013)     24

Little v. City of Seattle, 863 F.2d 681 (9th Cir.1988)     24

Los Angeles Memorial Coliseum Commission v.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

National Football League, 89 F.R.D. 497 (C.D. Cal. 1981)                16

Lou v. Belzberg,  834 F.2d 730 (9th Cir. 1987)                15

McCamey v. Hewlett Packard Co., 2011 U.S. Dist. LEXIS 102569 (E.D. Cal. 2011)    passim

Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir. 1982)        20

Passantino v. Johnson & Johnson Consumer Prods.,212 F.3d 493 (9th Cir. 2000)    4, 5, 14

Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746 (1963)        8

Shell v. Shell Oil Co., 165 F. Supp. 2d 1096 (C.D. Cal. 2001)        6

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)        7

STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551  (N.D. Cal. 1988)        17

Thomas & Betts v. Robroy Indus., 2015 U.S.Dist. Lexis 103501 (C.D. Cal. 2015)    20

Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011)        24, 25

Valenzuela v. Sol Group Mktg. Co., 2015 U.S. Dist. LEXIS 20547 (C.D. Cal. 2015)    18

Van Dusen v. Barrack, 376 U.S. 612 (1964)        19

Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353 (N.D. Cal. 2007)    18

 **STATUTES:**

42 U.S.C. 2000e-5(f)(3)        passim

28 USC Sec 1406(a)        passim

Cal. Gov't Code 12940, subd. (c) ("FEHA")        passim

**RULES OF PROCEDURE**

FRCP 12(B)(6)        7

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

# I.   INTRODUCTION

Plaintiffs Sellars, Lopez and Fortune, individually and on behalf of a class of similarly-situated women, filed suit against CRST alleging egregious sexual harassment and retaliation, including routine sexual assaults by male truck driver trainers. *See FAC.* CRST maintains one of its four driver terminals here. The FAC alleges substantial tortious conduct within the District. Venue is proper in this District and Plaintiffs' chosen forum is entitled to deference. CRST failed to meet its burden of overcoming Plaintiffs' choice and transferring based primarily on the location of documents and party witnesses whom Defendant controls. Defendant's motion to dismiss Plaintiffs' California state law claims should also be denied because of the extensive allegations of tortious conduct occurring here.

# II.   ARGUMENT

### A.   Plaintiff Sellars is not alleging continued employment; her constructive discharge claim should not be dismissed

Defendant moves to dismiss Plaintiff Sellars' constructive discharge claim, because the FAC indicates Plaintiff Sellars remains employed. During their LR 7-3 conferences, Plaintiffs explained that Sellars is not contending that she remains employed, but was constructively discharged. By letter dated August 5, 2015, Plaintiffs explained to Defendant:

As detailed elsewhere in the First Amended Complaint, including paragraph 173, Cathy Sellars was constructively discharged when Defendant terminated her worker's compensation benefits without cause. However, to resolve confusion

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT, AND ALTERNATIVELY, TO TRANSFER

caused by the phrase "to present" in paragraph 7, Plaintiffs are willing to stipulate that Ms. Sellars is no longer employed by CRST in order to resolve this issue. Please confirm Defendant will agree.

Rather than agree, Defendant moved to dismiss Sellars' constructive discharge claim, knowing that Plaintiffs are not alleging Sellars is still employed.

While in one paragraph the FAC alleges Sellars remains employed, it also alleges that she was constructively discharged. It would be improper to dismiss her claims because of an ambiguity in the pleading, particularly when Plaintiffs have already stated affirmatively that she is no longer employed. Viewing the allegations in the light most favorable to Plaintiffs, Defendant's motion should be denied. In the alternative, Plaintiffs should be granted leave to amend to clarify that Plaintiff Sellars is not alleging she remains employed at CRST, just that she was following the filing of the complaint, up until Defendant terminated her workers' compensation.

B.   **Defendant's specious argument that venue is improper should be rejected out of hand**

The Central District of California is a proper and permissible venue for the instant case. 42 U.S.C. 2000e-5(f)(3).[1] Title VII's venue statute plainly permits the action to have been brought here, because unlawful employment practices are alleged to have been committed in the Central District, and where Plaintiffs and/or putative class members

---

[1] A Title VII claim may be brought in **any** judicial district in a state "in which the unlawful employment practice is alleged to have been committed, . . . in which the employment records relevant to such practice are maintained and administered, or . . . in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Otherwise, the action may be brought in any judicial district where the defendant keeps its principal office. 42 U.S.C. § 2000e-5(f)(3).

2

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

allege they would have worked in the Central District absent unlawful employment practices. "The Ninth Circuit has construed the venue provision to hold that 'venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt.'" *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2D 530, 536 (N.D. Cal. 2005), quotations omitted.

Plaintiffs easily establish that venue is proper under Title VII. They allege in detail the facts that show unlawful employment practices in this District, *inter alia* FAC ¶¶ 72-76 (sexual harassment occurring in Terminals, harassment by Riverside Terminal Manager within the District), ¶¶ 84 (complaints of sexual harassment made to Riverside, CA Terminal Manager), ¶¶ 130 (Plaintiff Sellars training in Riverside, CA), ¶¶ 131-142 (sexual harassment of Plaintiff Sellars in Riverside Terminal), ¶¶ 194 (sexual harassment of Plaintiff Lopez at Riverside Terminal),¶¶ 152-153 (sexual harassment of Plaintiff Lopez in truck, in District), ¶¶ 195-199 (sexual harassment by driver starting at Riverside Terminal), ¶¶ 236-246 (Plaintiff Fortune harassed by trainer driver en route to Riverside, California, and complained about it when she arrived within this District), ¶¶ 248-252 (Plaintiff Fortune paired with driver in Riverside who began harassing her; when she refused to engage in sexual relations with driver, he forced her from truck, and she had to be picked up and taken back to Riverside by other drivers), ¶¶ 253-255 (Plaintiff Fortune harassed and retaliated against at the Riverside Terminal, where she complained again); ¶¶ 256-257 (Plaintiff Fortune harassed by driver she met at Riverside Terminal), ¶¶ 259-260 (Plaintiff Fortune harassed leaving Riverside Terminal), ¶¶ 266-68 (Plaintiff Fortune

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

harassed leaving Riverside Terminal). Further, they allege they would have continued working in this District but for Defendant's unlawful conduct ¶¶ 176, 177, 312 (Plaintiff Sellars began and ended many shifts in Riverside, and but for harassment would have continued working there) (constructive discharge of all named plaintiffs), ¶¶ 227-229 (Plaintiff Lopez began and ended shifts in Riverside, California, and would have continued working there but for her constructive discharge), ¶¶ 278-280 (Plaintiff Fortune worked out of Riverside, California regularly, was constructively discharged, and would have continued working in District but for the harassment and discrimination). These allegations are easily sufficient for venue purposes. 42 U.S.C. § 2000e-5(f)(3).

Defendant claims that venue is improper because Plaintiffs cannot establish they would have worked *solely* in California, because employment records are located in Iowa, and because there are no facts suggesting decision-makers ratified any conduct in California. Defendant's argument misapprehends the facts and the law. Moreover, Defendant cites no case law to support the sweeping proposition that Plaintiffs must establish they would have worked *solely* with this District. Defendant must offer more than conjecture for the proposition that "Such an action may be brought in any judicial district . . . in which . . . the aggrieved person would have worked but for the alleged unlawful employment practice," means "worked *solely.*" Since there can be more than one proper venue under Title VII, such an interpretation is beyond strained. *Cf. Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 506 ("Title VII's

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

1
2
venue provision obviously contemplates the possibility that several districts could provide an appropriate venue for the same action.")

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
Finally, there is no requirement (again, Defendant cites no support for one), that decisions must have been ratified in California. Indeed, *Passantino* holds otherwise. There, a plaintiff who worked in Tacoma, Washington alleged that she had been repeatedly passed over for promotions because of her gender. *Id.* at 499-500. The defendant argued that New Jersey was the only permissible venue because that was where the promotional decision was actually made. *Id.* at 504. The Ninth Circuit refused to read the venue rule so narrowly: it would lead to the perverse result that, while other Title VII complainants (e.g. hostile work environment) could sue where they were employed, those complaining of a failure to promote would be required to litigate in far-away places any time an adverse promotional decision was made in a more distant office. *See id.* at 505. Because "plaintiffs unlawfully denied a promotion, like those discharged, feel the effects of their injury where they actually work," the court concluded that venue was proper in the Western District of Washington. *Id.* Consequently, *Passantino* rejects the notion of a "ratification" requirement for determining venue, and specifically notes that victims of harassment, like the instant Plaintiffs, may sue in a District in which they worked and experienced the impact of discrimination – whether in the form of a hostile work environment, discharge, promotion or otherwise. *Id.,* at 505. *See also*, *Berry v. Potter,* 2006 U.S. Dist. LEXIS 6756, *5-10 (D. Ariz. 2006) (denying motion to dismiss for improper venue where employment decisions were made in Ohio, and Plaintiff would

5

have worked in Ohio, but stressing that "the seat of power from which an employer

makes its employment decisions is not dispositive on the issue of venue in Title VII cases

when the aggrieved employee works in a different state than the powers that control the

employee's advancement," and holding that venue is proper where plaintiff works and

feels the injury). Thus, Defendant's argument that decision-makers may have been

located in Iowa is not at all dispositive of whether venue is proper in this District, where

Plaintiffs experienced and felt the impact of the sexual harassment. In any event, as set

forth *supra,* Plaintiffs complained about harassment to local terminal managers in

Riverside, who failed to promptly and adequately respond. Defendant's motion to dismiss

for allegedly improper venue is without merit.

Finally, Defendant fails to acknowledge that even if venue were not appropriate,

dismissal should not be granted, but rather, the case should be transferred, where

Plaintiffs would be prejudiced by the dismissal, and it is therefore in the interests of

justice to transfer. 28 USC Sec 1406(a); *Shell v. Shell Oil Co.,* 165 F. Supp. 2d 1096,

1103 (C.D. Cal. 2001) (court may transfer the case to any district where it could have

been brought "if it be in the interest of justice," noting that while the court has some

discretion in choosing between dismissal for improper venue and transfer, it is preferred

to transfer the case rather than dismissing it altogether, and transferring case where there

is proper venue and jurisdiction in another court). Here, because Plaintiffs received

Notices of Right to Sue from the EEOC, which provided 90 days to file suit on Title VII

claims, and Plaintiffs timely filed the instant lawsuit, dismissal would result in extreme

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

prejudice as it would likely bar their Title VII claims. As Defendant concedes there is at least one other proper forum (Northern District of Iowa), it would be in the interests of justice to transfer, rather than dismiss the claims. Defendant does not argue otherwise.

### C.    A FRCP 12(b)(6) dismissal is not appropriate where Plaintiffs have adequately alleged FEHA coverage

Defendant moves, pursuant to FRCP 12(b)(6) to dismiss Plaintiffs' claims brought under the California Fair Employment and Housing Act, claiming Plaintiffs have not sufficiently alleged that they are California employees for purposes of the Act, nor sufficiently alleged that the "crucial elements" of the wrongful conduct occurred in California. CRST ignores the proper legal standard, and misstates the factual allegations in the FAC. Just as Plaintiffs have alleged sufficient contacts with the Central District, rendering venue here proper, it is clear they have sufficiently alleged conduct that provides coverage under FEHA.

A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512  (2002).

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *McCamey v. Hewlett Packard Co*., 2011 U.S. Dist. LEXIS 102569, *8 (E.D. Cal. 2011), *citing Cruz v. Beto*, 405 U.S. 319, 322  (1972). The court must allow every reasonable inference to be drawn from the "well-pleaded" allegations. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

Ultimately, a motion to dismiss must be denied where plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Moreover, in ruling upon a motion to dismiss, "the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201." *McCamey,* 2011 U.S. Dist LEXIS 102569, *10, citations omitted. Here, Defendant fails to view the facts in the light most favorable to Plaintiffs, and relies on matters outside of the FAC (e.g. Stastny Declaration), which may not be considered. Because the allegations in the FAC raise a plausible claim to relief under the FEHA, Defendant's motion should be denied.

*Campbell v. Arco Marine,* 42 Cal. App. 4Th 1850 (1996) considered whether FEHA applied to a non-California resident, who neither lived nor worked in the state. The sole contact with California was a disciplinary decision was "either made or ratified" in the

8

state. *Id.* at 1858. The Court first evaluated the statute, which defines "employer" but not "employee." *Id.* at 1856, *citing Cal. Gov't Code* 12940, subd. (c). While acknowledging that, literally read, "the FEHA imposes no residency requirement on either the employer or the person aggrieved and no limitation based on where the conduct occurred," nevertheless, the Court held that the law "should not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California," citing to  *EEOC v. Arabian American Oil Co*., 499 U.S. 244 (1991), which precluded application of Title VII extra-territorially where a naturalized U.S. Citizen worked for an American company in Saudi Arabia. *Id.,* at 1857-1858. While *Campbell* limited the reach of FEHA, it did not define the contours of the law or identify the required nexus to California for the law to apply.[2] Moreover, while *Campbell* was decided in 1996, after the 1991 Civil Rights Acts amendments, it did not address that *Arabian American Oil* had been legislatively over-ruled to the extent that the definition of employee was expanded to include American citizens working abroad for American companies. *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 816 (9th Cir. Cal. 2002) ("The definition arose out of Congress's amendments to Title VII in the 1991 Civil Rights Act to legislatively overturn the result in *EEOC v. Arabian American Oil Co*.,..." to protect American citizens working abroad for U.S. companies, and holding that Title VII permits counting foreign employees of U.S. companies operating abroad).

---

[2]Defendant cites *Campbell* for the assertion "[t]he law is clear that FEHA protects only California employees." Def.MOL. p.3. This is not an accurate description of the holding. *Sullivan v. Oracle Corp*., 547 F.3d 1177, 1183 (9th Cir. Cal. 2008) ("Oracle describes the Court as having held 'that the action must be dismissed because the plaintiff was not a resident of California and worked in California only on a limited basis.' That is not a fair description of the Court's holding.")

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

In *McCamey v. Hewlett Packard Co*., 2011 U.S. Dist. LEXIS 102569, a hostile work environment case, the defendant moved to dismiss FEHA-based claims arguing that plaintiff was not a California employee at the time of the alleged harassment and the alleged unlawful conduct did not occur in California. *Id.,* at *10. The plaintiff argued that the conduct that violated the statute occurred after she moved to California. *Id.*

Relying on *Campbell,* the court first noted that there must be a showing that the conduct that allegedly violated FEHA occurred in California. *Id.,* at *11, citing *Campbell, supra.* The court rejected defendant's assertion that the plaintiff alleged no facts showing the unlawful acts occurred in California, where her claims based on retaliation, failure to accommodate, disparate treatment, and failure to engage in the interactive process were almost completely based on conduct that occurred after plaintiff moved to California. *Id.,* at *12. Specifically she had asserted that all of the following occurred in California: "telling plaintiff that her transfer to California would be denied; refusing to increase her pay as promised; denying her health benefits; increasing her workload; ordering her to attend a meeting in Cupertino; requiring her to work with employees she alleges harassed and assaulted her; suspending, denying and reinstating her health insurance; terminating her then subsequently withdrawing that termination; and, ultimately, terminating plaintiff indefinitely in March of 2009." *Id.,* at *13, citing Complaint. As the court noted, whether the conduct "actually amounts to a violation of FEHA is a wholly separate inquiry," holding that plaintiff had alleged a sufficient nexus to California for purposes of FEHA.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

Here, as in *McCamey*, and as described *supra,* in connection with Defendant's motion to dismiss alleging improper venue, it is clear that Plaintiffs have sufficiently alleged tortious conduct in California, including unlawful employment practices in this District, *inter alia* FAC ¶¶ 72-76 (sexual harassment occurring in Terminals, harassment by Riverside Terminal Manager within the District), ¶¶ 84 (complaints of sexual harassment made to Riverside, CA Terminal Manager), ¶¶ 130 (Plaintiff Sellars training in Riverside, CA), ¶¶ 131-142 (sexual harassment of Plaintiff Sellars in Riverside Terminal), ¶¶ 194 (sexual harassment of Plaintiff Lopez at Riverside Terminal),¶¶ 152-153 (sexual harassment of Plaintiff Lopez in truck, in District), ¶¶ 195-199 (sexual harassment by driver starting at Riverside Terminal), ¶¶ 236-246 (Plaintiff Fortune harassed by trainer driver en route to Riverside, California, and complained about it when she arrived within this District), ¶¶ 248-252 (Plaintiff Fortune paired with driver in Riverside who began harassing her; when she refused to engage in sexual relations with driver, he forced her from truck, and she had to be picked up and taken back to Riverside by other drivers), ¶¶ 253-255 (Plaintiff Fortune harassed and retaliated against at the Riverside Terminal, where she complained again); ¶¶ 256-257 (Plaintiff Fortune harassed by driver she met at Riverside Terminal), ¶¶ 259-260 (Plaintiff Fortune harassed leaving Riverside Terminal), ¶¶ 266-68 (Plaintiff Fortune harassed leaving Riverside Terminal). Viewing these allegations in the light most favorable to Plaintiffs', they had sufficient contacts with California and there is a significant nexus to California

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

in that substantial tortious conduct occurred within the state, even though tortious

conduct also occurred outside of California, to permit their FEHA claims to proceed.

### D. Defendant's motion in the alternative for transfer to Iowa should be denied because Plaintiffs' choice of venue is entitled to deference and significant activity occurred in this District

Defendant moves in the alternative for a discretionary transfer to the Northern

District of Iowa, in an effort not just to "forum shop," but to "judge shop" for the Court

that dismissed the EEOC's class action allegations in *EEOC v. CSRT, Inc*. *See infra.*

Plaintiffs' choice of forum is entitled to significant deference, substantial tortious conduct

occurred here, and Defendant has not demonstrated that other factors compel transfer to

Iowa. Defendant's motion to transfer should also be denied.

CRST bears the burden of showing that transfer is appropriate. *See Commodity

Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979). A motion to

transfer is governed 28 U.S.C. § 1404(a), pursuant to which a district court may transfer

any civil action for the convenience of the parties, witnesses, or in the interests of justice

where it might have been brought. *Id.* The purpose of § 1404(a) "is to prevent the waste

'of time, energy, and money' and 'to protect litigants, witnesses and the public against

unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616

(1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960). To

support a motion for transfer, the *moving party* must establish: "(1) that venue is proper

in the transferor district[3]; (2) that the transferee district is one where the action might

---

[3]Defendant denies that venue is proper here.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992).

In exercising its discretion, the court may weigh such factors as: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The court may also consider the "public policy of the forum state." *Id.* at 499. Public interest factors include the relative congestion of the two courts, the local interest in deciding a local controversy, the conflict of law, and the burden of jury duty on citizens in an unrelated forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience <u>clearly</u> <u>favors</u> <u>transfer</u>. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for defendant merely to show that he prefers another forum and nor will transfer be allowed if the result is merely to shift the inconvenience from one party to another. *Van Dusen*, 376 U.S. at 645-46. Transferring an action pursuant to Section 1404(a) is at the broad discretion of

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

the court. See *Commodity Futures Trading*, 611 F.2d at 279; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### 1.    Plaintiffs' Choice Of Forum Is Entitled to Substantial Deference

Title VII's special venue provisions guide the Section 1404(a) transfer analysis. *Ellis v. Costco Wholesale Corp.,* 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005). As a consequence, the venue bases under Title VII should be key factors in the "interests of justice" analysis. *Id.* (referring to the location of the discriminatory act or decision, the location of relevant employment records, and the location where a plaintiff would have worked but for the unlawful employment practice) *citing In Re: Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir. 2003). Plaintiff's choice is also entitled to greater deference in Title VII cases because "Congress expanded the available fora to plaintiffs grieving civil rights violations, thereby expressing intent to broaden a Title VII plaintiff's choice of forum." *Ellis, citing Passantino*, 212 F.3d at 504 (holding that Title VII's broad venue provision "was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances") (citations omitted). This remains true even in class action cases. *Id.; see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (a defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum); *Catch Curve, Inc. v. Venali, Inc.*, 2006 U.S.Dist. Lexis 96379 (C.D.Ca. 2006) (substantial weight is accorded plaintiff's choice of forum).

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

Plaintiffs' choice of the Central District of California, where one of Defendant's terminals is located, where Plaintiffs experienced sexual harassment, where Plaintiffs and putative class members began and ended many trips, and where Plaintiffs and putative class members would have continued to work but for Defendant's conduct, is therefore entitled to substantial deference, regardless of where the named Plaintiffs currently reside[4].  Given that Plaintiffs will travel either way from Florida, New Jersey or Missouri (or wherever they may live at the time), this factor does not militate in favor of transfer *away* from their chosen forum, or lessen the deference their choice is entitled to receive.

While the deference to Plaintiffs' choice may sometimes be lessened in a class action, *Lou v. Belzberg,*  834 F.2d 730, 739 (9th Cir. 1987), nevertheless the named plaintiffs' connection to the choice of forum, including the connection of the forum to the cause of action, must be considered. Deference to the choice is preserved where Plaintiffs' cause of action is most closely related to this District – as compared to the Northern District of Iowa or other available forums. *See Ellis,* at 544. Here, Plaintiffs alleged significant tortious conduct occurring within the District. *See Sections B, C, supra.* Moreover, the FAC alleges sexual assaults, harassment, complaints and retaliation, in other states, such as between Arizona and New Mexico (pars. 154-163), in or near Florida (pars. 198-209), Arkansas (214-217), between California and Utah (pars. 248-252), between California and Missouri (259-262), Oklahoma City (reporting harassment)

---

[4]Defendant cites *Piper Aircraft v. Reyno,* 454 U.S.235, 255-256 (1981) for the proposition that plaintiff's choice of forum "applies with less force" when the choice is not her home forum. *Piper Aircraft* considered the deference entitled to a plaintiffs' choice when plaintiff was from Scotland, suing in the United States for wrongful death in connection with a crash that occurred in Scotland.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

(273), along with Iowa (inter alia 182-189). While there may be multiple venues where Defendant violated Title VII, a significant part of the events giving rise to the lawsuit occurred in Plaintiffs' chosen forum, while the remaining events did not take place solely in Iowa. This factor strongly favors maintaining the case in this District.

2.      **The Location of Non-Party Witnesses Does Not Favor Transfer**

The convenience of the witnesses is often the most important factor considered by the court when deciding a motion to transfer under § 1404(a). *Kina v. United Air Lines, Inc.,* 2008 U.S. Dist. LEXIS 98948, *16 (N.D. Cal. 2008), citing *Los Angeles Memorial Coliseum Commission v. National Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981). "It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight." *Id., quoting Gundle v. Fireman's Fund Insurance Co*., 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). CRST bears the burden of *establishing* inconvenience to witnesses, by "nam[ing]the witnesses, stat[ing] their location, and explain[ing] their testimony and its relevance."*Id.,* at *17, *citation omitted*.

CRST fails to identify a single non-party witness who will be inconvenienced by proceeding in the Central District of California, thereby failing to meet its burden. *See Kina,* (defendant failed to show that key witnesses be inconvenienced, and further, given their status as employees, did not weigh in favor of transfer). As is clear, the location of party witnesses like the Human Resources employees is significantly less important, given that Defendant is presumed to be able to produce party witnesses wherever the case

16

is venued. *STX, Inc. v. Trik Stik, Inc.,* 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (defendant's claim that defense witnesses could not be expected to appear at trial must be discounted since at least four of the six witnesses are defendant's employees whom defendant can compel to testify) (citation omitted).

Defendant suggests that because one of its four terminals is located in Iowa, and two terminals are closer to Iowa than California, many of the non-party witnesses will be based in or around Iowa. This speculation is insufficient, as CRST bears the burden of demonstrating that there are non-party witnesses on whom it would rely, who cannot be compelled to appear here, but who can be compelled to appear in the Northern District of Iowa. Moreover, its assertion that in 2015, California represented about 5.89% of the total miles run by CRST drivers (citing Stastny Decl.) is devoid of context. Defendant fails to identify how many miles CRST drivers run in Iowa, a fact which only Defendant possesses. Presumably, if a greater percentage of its runs were in the Northern District of Iowa than California, it would have included this fact in its moving papers. Accordingly, Defendant has failed to show that the location of non-party witnesses  favors transfer.

### 3.    Sources of Documentary Evidence Do Not Tip the Scales

Defendant argues that access to evidence favors transfer because computer systems, business records and Human Resources records are located in Cedar Rapids. However, in this day and age, the location of records is hardly relevant. Even if they are not already stored electronically, Defendant has not demonstrated that "transporting records or reducing them to electronic form would cause [them] significant hardship."

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

*Valenzuela v. Sol Group Mktg. Co.*, 2015 U.S. Dist. LEXIS 20547 (C.D. Cal. 2015),

quoting *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007)."

Moreover, while Defendant concludes that there is "little reason to assume that sources of

proof are more easily accessed in California than Iowa," it is Defendant burden to

demonstrate that transfer is warranted. Defendant has not demonstrated any burden in

accessing documentary evidence by virtue of litigating in the Central District of

California. Merely asserting the records are located in Iowa is insufficient.

In *Ellis,* the court denied Defendant's motion to transfer to the Western District of

Washington, where defendant's central headquarters for nationwide administration and its

Northern Division was located. Washington was not a "compelling" candidate for section

1404(a) transfer, because while the Director of Human Resources, as well as a few senior

managers with general knowledge of Costco's promotion processes and organizational

structure were located there, along with some of plaintiffs' employment records, "these

sources of proof are relatively minor in the geographic distribution of evidence in this

case, and they would not outweigh the advantages of other proposed forums or the

deference due to the plaintiffs' choice of forum." *Id.,* at 540. Additionally, given Title

VII's residual venue provision, which permits venue in the district housing a respondent's

principal office "if the respondent is not found" in the district where the discrimination

occurred or its effects were felt, the site of the principal office is not a favored district

where, like here, there is another basis for venue elsewhere.  *Id.,* at 540-541, citing 42

U.S.C. § 2000e-5(f)(3).

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

### 4.   The Governing Law Favors California

This Court's familiarity with California's Fair Housing and Employment Act favors maintaining the case. While the Northern District of Iowa and the Central District of California are on equal footing in applying Title VII, a federal statute, this Court is better suited to apply FEHA. While the Northern District of Iowa is *permitted* to apply California state law, as the Court noted in *Ellis*, "a forum's familiarity with governing law is a private factor to be considered." *Ellis,* at 539, *citing Van Dusen*, 376 U.S. at 633; *GNC Franchising*, 211 F.3d at 498-99. The pubic interest in trying Plaintiffs' California claims within this state weighs against transfer to Iowa.

### 5.   Litigation Costs Are Not Minimized By Transfer

Defendant conclusorily states that litigation costs will be lower if the case is venued in Iowa, due to the proximity to key witnesses and evidence. As described above, the location of the documentary evidence no longer favors transfer in the electronic age, whereby documents will be scanned (if not already electronic) and produced. Thus, the litigation costs of documentary evidence does not favor transfer.

That lead counsel is based in New York favors retention of the case in the Central District of California, given especially that Plaintiffs counsel will have to travel for depositions and trial regardless of the location, and Plaintiffs have already associated with local counsel in California. Moreover, while Defendant states that Iowa is closer to lead counsel's New York office, there are no direct flights from any New York City airport to Cedar Rapids, Iowa, making the travel time approximately the same – if not

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

longer due to potential flight delays if connection missed – than New York to Los Angeles, where there are multiple flights every day. In addition, flights to Los Angeles are less expensive than flights to Cedar Rapids.[5]  Defendant's counsel is also located in California, increasing costs to Defendant should the case be transferred.[6]

### 6.    The Interests of Justice Do Not Compel Transferring the Case

CRST claims that the interests of justice favor transfer based on the so-called "first to file" rule, because Plaintiffs have referred in their FAC to deposition testimony from *EEOC v. CRST Van Expedited Inc*. litigated in the Northern District of Iowa. Def. MOL, p. 17. The "first to file" rule is only implicated where a complaint involves "the same parties and issues" as another already filed in a different district. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (meant to promote efficiency). The interests of justice are not swayed by the EEOC's prior suit.

For the first-to-file rule to apply, two requirements must be met: (1) chronology of filing; and (2) the same parties and issues in the later-filed action as in the first-filed action. *Thomas & Betts v. Robroy Indus.,* 2015 U.S.Dist. Lexis 103501, *9-10 (CDCA 2015), citing *Alltrade*, 946 F.2d at 625; see also *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982).  "The most basic aspect of the first-to-file rule is that it is discretionary." Id. at 628.  A district court may depart from the rule for reasons of equity, such as where the first-filed suit evidences bad faith, anticipatory suit, or forum shopping.

---

[5] See e.g.;  https://www.kayak.com/flights/NYC-LAX,nearby/2015-10-05/2015-10-08, reflecting under 6 hours New York to Los Angeles, round trip fare of $297; https://www.kayak.com/flights/nyc-CID/2015-10-05/2015-10-08, reflecting between 4.75 and 5.8 hours New York to Cedar Rapids, cheapest round trip fare of $331.
[6] According to Defense counsel's website there is no Iowa office. http://lewisbrisbois.com/locations

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

*Alltrade*. at 627-28. The question of "first to file" arises frequently in the context of declaratory actions filed in anticipation of another adversarial proceeding.

Relying on the "first to file" rule, Defendant contends that if Plaintiffs suggest that the EEOC lawsuit is "similar" to this action, by virtue of having cited in their FAC to testimony from deposition testimony, then the Northern District of Iowa is familiar with many of the facts and issues, and transfer would advance the need for consistent rulings on "common questions of law and fact" that may arise. While Defendant's argument supports litigation of Plaintiffs' claim on a class-wide basis (common questions of law and fact), it does *not* support application of the first to file rule, or transfer to Iowa: first, and most central, the parties are not the same – clearly the EEOC is not a party to the instant suit. Second, the EEOC's class mechanism substantially differs from the FRCP 23 mechanism. Third, the fate of the *EEOC* case against CRST is up on in the air. The *EEOC v. CRST Van Expedited, Inc.* case was not decided on the merits, but rather, claims were dismissed when the District Court held that the EEOC failed to adequately conciliate the case, a ruling upheld by the Eighth Circuit.[7] *See EEOC, et al v. CRST Van Expedited, Inc.,* 1:07 CV 95, dkt ent. 414-1 (brief in support of Motion for Relief from Judgment pursuant to Rule 60(b)(6), and describing procedural history; motion pending).

Defendant, in relying on the "first to file" rule and seeking a transfer to the Northern District of Iowa is likely attempting to set the stage to have Plaintiffs' case marked as "related" to the *EEOC v. CRST Van Expedited* matter, despite the fact that the

---

[7] The EEOC moved to reconsider following the Supreme Court's decision in *Mach Mining v. EEOC,* 135 S.Ct. 1645 (2015), concerning conciliation.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

"first to file" rule is inapplicable, and despite the fact that the cases are not "related" for purposes of assigning the matter to the same judge. Indeed, finding that the interests of justice would be served by transferring this case to the Northern District of Iowa would implicitly or explicitly rest on a determination that this case is "related" to the Iowa case, and would necessitate an improper encroachment into the Northern District's judicial assignment rules, set forth in Public Administrative Order No. 15-AO-0004-P, effective June 15, 2015 (describing assignment procedures). Consequently, while the facts underlying the EEOC's Iowa case are relevant to the instant one (see Plaintiffs' Opposition to Defendant's Motion to Strike), it would not be in the interests of justice to transfer this case to the same judicial district simply because of the EEOC's litigation there. For the same reason that individual discrimination suits against a particular employer are not consolidated by default rule, this case should not be transferred to Iowa to be heard by the same court as heard *EEOC v. CRST Van Expedited, Inc.*

CRST also claims that because the litigation has not progressed very far, the interests of justice favor transfer. While Defendant is correct that no Answer has been filed, it would be more accurate to suggest that the status of the case does not preclude transfer, rather than favors it.

Finally, the public interests strongly favor maintaining Plaintiffs' suit in this District based on the allegations of egregious sexual harassment of Plaintiffs in this District. (See FAC; see also Sections B, C); *Ellis,* at 542 (local public and jury pool in Southern District has strong interest in two named plaintiffs due to connection of their

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

grievances to the district). Further, this District is better situated to evaluate Plaintiffs' FEHA claims, compared to Iowa. *Id.,* at 539.  In addition, one of Defendant's four terminals is located here, making the district's community interest strong in trying "the class controversy and ensuring non-discriminatory management." *Id.,* at 543.

### 7.  The Totality of the Circumstances Do Not Favor Transfer

On balance, the factors favor maintaining this lawsuit in the Central District of California. Plaintiffs' choice of forum weighs heavily against transfer. That California state law is at issue also weighs against transfer. A substantial portion of the sexual harassment occurred within the District. Moreover, while Plaintiffs do allege sexual harassment within the District of Iowa, they do not allege that the balance of the harassment occurred there: the FAC contends that sexual assaults occurred in multiple states. Thus, this factor weighs against transfer. Defendant failed to demonstrate that third-party witnesses are not subject to process in California, but are in Iowa. Rather it is more likely the case that witnesses are spread throughout the country, meaning that there is no benefit to transferring to Iowa. The litigation costs are not substantially affected one way or other by transferring to Iowa, rendering this factor neutral as well. Indeed, the only factor which conceivably favors transfer is the location of the records. Yet, in this day and age, where records are produced electronically, this factor does not favor moving the case to Iowa, and certainly is an insufficient reason to overcome Plaintiffs' choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be

1   disturbed.") As in Ellis, Defendant has not made a "strong showing of inconvenience,"

2   and is not entitled to disrupt Plaintiffs' choice of forum. *Ellis,* at 545.

3       **E.**    **Defendant's Motion to Stay Should be Denied as Moot and because even**

4             **if Defendant's  motions were granted, discovery is still necessary to**

5             **Plaintiffs' Title VII claims**

6         Discovery is underway. Defendant responded to Plaintiffs' first set of discovery on

7   September 8, 2015, albeit with multiple objections. Plaintiffs noticed a FRCP 30(b)(6)

8   deposition for two dates prior to the hearing on the instant motion[8], and are contemplating

9   other discovery that is necessary to Plaintiffs' motion for preliminary certification.

10  Plaintiffs' deadline to move for preliminary class certification will have come and gone

11  while the instant motion is pending (absent a ruling on Plaintiffs' motion to extend the

12  deadline, which as of the time of filing this opposition has not been ruled on). Granting a

13  motion to stay discovery would be counter-productive because even if the Court were to

14  grant all Defendant's motions, Plaintiff would still be entitled to, and require, discovery

15  for their Title VII claims.

16        Courts have broad discretionary power to control discovery. *See, e.g., Little v. City*

17  *of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). There is no automatic stay pending

18  potentially dispositive motions. *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D.

19  Nev. 2011). The party moving to stay discovery carries the heavy burden of making a

20  strong showing why discovery should be denied. *Kor Media Group, LLC v. Green*, 294

21  F.R.D. 579, 581 (D. Nev. 2013) (citations omitted). "In deciding whether to grant a stay

---

[8]Defendant objected to Plaintiffs' notice. The parties are currently engaging in FRCP 37 pre-motion discussions.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

of discovery, the Court is guided by the objectives of Rule 1 to ensure a 'just, speedy, and inexpensive determination of every action.'" *Id., quoting Tradebay*, 278 F.R.D. at 602-03.

Motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Id., citation omitted.*

Defendant has failed to meet its burden to show why discovery should be denied. Taking a "preliminary peek" at Defendant's motions to dismiss for improper venue and transfer, it is clear that the motions lack merit. Even if this Court transfers the case, Plaintiffs must still obtain the same discovery for their Title VII class and individual claims, regardless of where the case is litigated.

Furthermore, although Plaintiffs are in the process of taking discovery, and their motion for preliminary class certification is currently due September 24, the motion will not be fully briefed until at the earliest, October 12, with a hearing date of October 26, 2015. Plaintiffs would be substantially prejudiced in briefing class certification if discovery were halted mid-briefing.

## IV.   CONCLUSION

Wherefore, Defendant has failed to demonstrate that venue is improper, that the interests of justice favor transfer, or that Plaintiffs' FEHA claims may not be maintained. For the reasons set forth herein, Defendant's motion should be denied in full.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

Dated:  September 14, 2015

## LAW OFFICES OF JOSHUA FRIEDMAN, P.C.

By     <u>/s/ Rebecca Houlding</u>
                Rebecca Houlding

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**

# CERTIFICATE OF SERVICE

The foregoing Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, or Alternatively to Transfer  will be served on all parties by filing with the Clerk of Court using the CM/ECF system today, September 14, 2015, which will then send notification of such filing (NEF) to the following:

John L. Barber
Rachel J. Lee
Suzetty C. Chen
Attorneys for Defendant CRST Expedited Inc.

And

Chris Weaver
Local Counsel for Plaintiffs

By: /s/ Rebecca Houlding
Rebecca Houlding
Counsel for Plaintiffs
Admitted Pro Hac Vice

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND ALTERNATIVELY, TO TRANSFER**