Chris M. Heikaus Weaver, Bar No. 231907
*chris@achwlaw.com*
Aitken Campbell Heikaus Weaver, LLP
3890 Eleventh St., Suite 210
Riverside, CA 92501
Telephone:  (951) 530-4840
Facsimile:   (951) 344-1762
Local Counsel for Plaintiffs

Giselle Schuetz
*giselle@joshuafriedmanesq.com*
Law Offices of Joshua Friedman, P.C.
1050 Seven Oaks Ln.
Mamaroneck, NY 10543
Telephone:  (888) 369-1119 x8
Facsimile:    (866) 731-5553
Admitted Pro Hac Vice on Behalf of Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY SELLARS, CLAUDIA LOPEZ, and LESLIE FORTUNE, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>CRST EXPEDITED, INC.,<br><br>Defendant. | Case No. 5:15-cv-969 PA (DTBx)<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(f)**<br><br>The Hon. Percy Anderson<br><br>Date:          October 5, 2015<br>Time:         1:30 p.m.<br>Courtroom: 15 |

1

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

I.  INTRODUCTION

Defendant CRST Expedited, Inc. ("Defendant" or "CRST") seeks to strike certain allegations from Plaintiffs' First Amended Complaint. *Dkt. Ent. 21*. It has moved to strike allegations contained in paragraphs 39 to 65 of that Complaint, but not a particular claim for relief, nor the class action allegations generally. Because the allegations at issue are directly relevant to Plaintiffs' claims, demonstrate that Defendant was on notice of harassment and the failure of any remedial actions taken to address it, provide background context for Plaintiffs' pattern or practice and individual claims, and are not scandalous, Defendant's motion should be denied.

II.  LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled. *S.L. v. Downey Unified Sch. Dist.*, 2014 U.S. Dist. LEXIS 30814 (C.D. Cal. 2014), citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)(quotation and citation omitted). Material is "impertinent" if the statements do not pertain, and are not necessary, to the issues in question. *Id*. citing *Whittlestone*. Whether to strike material is discretionary. *Id., citing MGA Entm't, Inc. v. Mattel, Inc.*, 2005 U.S. Dist. LEXIS 18594 (C.D. Cal. 2005).

"A motion to strike under Rule 12(f) should be denied unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp.2d 1088, 1099 (E.D. Cal. 2001). Courts must view the pleading under attack in the light most favorable to the pleader, treating as admitted all material facts alleged, and all reasonable presumptions that can be drawn therefrom. *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981). Background information need not be stricken because it provides the court "with a fuller understanding of the dispute." *Kaiser Found. Hosp. v. California Nurses Ass'n*, 2012 U.S. Dist. LEXIS 16563, 2012 WL 440634, at *4 (N.D. Cal. 2012).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (Anderson, J.), *quoting Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id., quotations omitted.*

Here, Defendant moves to strike certain allegations, not a particular claim for relief, or the class action allegations generally. The material at issue is directly relevant, demonstrates (when assumed true) that CRST has been on notice of a history of sexual harassment and assaults of women trainees, and on notice that any remedial actions it has

3

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

taken have failed, and supports a claim for punitive damages. It is also background context for the pattern or practice, and individual claims. Finally, it is not Plaintiffs' inclusion of certain allegations or words that is scandalous, but rather the conduct itself that is alleged to have occurred. Defendant's motion should be denied.

III.   ARGUMENT

   A.   Allegations from the 2007 *EEOC v. CRST* Case Should Not Be Stricken Because They Are Relevant, and Not Immaterial or Impertinent

CRST moves to strike factual allegations sourced from sworn deposition testimony in another case with similar allegations as the instant matter, contending they are immaterial, and essentially irrelevant background material. The allegations provide more than just a context for the instant Complaint, because if true, they demonstrate that CRST has been on notice for years of a pattern of sexual assaults and harassment and has failed to promptly or adequately address it. They also support a punitive damages claim. The motion to strike should be denied.

When evaluating a motion to strike, courts assess the allegations at issue in the context of the elements of a claim. *Survivor Prods. LLC v. Fox Broad. Co.*, 2001 U.S. Dist. LEXIS 25512, *8 (C.D. Cal. 2001) ("The immateriality and impertinence of the news articles must be measured by the legal standard governing copyright infringement.") In a hostile environment claim, notice is a central component of employer liability for that harassment, unless the harassment is committed by a supervisor and culminates in a tangible employment action. *Vance v. Ball State Univ.,* 133 S. Ct. 2434,

4

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

2456 (2013). To show negligence, the complainant produces evidence that the employer knew or should have known of the offensive conduct but failed to take appropriate corrective action. *Id.* Consequently, the factual assertions – primarily in the form of citations to sworn deposition testimony, which must be assumed true for the purposes of this motion – do more than provide background, but constitute relevant evidence as to the notice prong of Plaintiffs' hostile work environment claim. *See FAC generally, pars.* 39-60 (describing incidents of assault and complaints to management, as well as evidence relevant to the corrective action or lack of). Just because Plaintiffs will also demonstrate notice through other means, such as testimony from the individual Plaintiffs or putative class members, or through records or deposition testimony obtained in the instant litigation, does not render irrelevant the testimony of women assault victims who may not be putative class members.

The allegations are also relevant to Plaintiffs' punitive damages claim. In a Title VII claim like this, Defendant may try to avoid punitive damages by showing that the company made a good faith effort to comply with the law. *Kolstad v. ADA*, 527 U.S. 526, 545 (1999). Evidence that women have been coming forward for many years, complaining about harassment, sexual assaults by trainers and inadequate responses, if proved true at trial, strongly supports a punitive damages award based on Defendant acting with malice, willfulness or reckless disregard for Plaintiffs' federally protected rights. *Id.*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

In *Hous. Rights Ctr., Inc. v. Moskowitz*, 2004 U.S. Dist. LEXIS 28885, *19-22 (C.D. Cal. Sept. 20, 2004)(Anderson, J.), a Fair Housing Act case, this Court refused to strike allegations contained in Plaintiffs' complaint related to a consent decree between the parties stemming from a prior housing discrimination claim at another of defendant's properties. Under the consent decree, defendant had already agreed to cease "engaging in unlawful discrimination" in housing rental. In addition to asking the court to strike references to the consent decree, it sought to eliminate reference to an investigation conducted by Plaintiff's investigators that corroborated the alleged victim's allegations of discrimination. While noting that these "these items are essentially evidentiary in nature and not usually proper pleading, 'allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. . . . Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." *Id., quoting LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). The Court was not persuaded that prejudice could result from the allegations at issue, and denied the motion to strike.

Here, the deposition testimony cited at paragraphs 41 through 62 is more directly relevant than the background or evidentiary material that the Court refused to strike in *Hous. Rights Ctr.,* because the testimony reflects not a legal agreement such as found in a consent decree, but actual evidence of a pattern of conduct stretching back for years.[1]

---

[1] Defendant correctly points out that the FAC mistakenly refers to two and a half decades, rather than one and a half decades. *See Dkt ent.* 21, p. 14.

Defendant has not demonstrated prejudice arising from the inclusion of facts that reflect a pattern of harassment going back more than a decade. *Id.; see also, Redwen v. Sino Clean Energy*, 2012 U.S. Dist. LEXIS 77415, *13-15 (C.D. Cal. 2012) (denying motion to strike in a class action shareholder suit for securities laws violations, where defendant moved to eliminate allegations by anonymous and confidential sources relating to fraud, because defendant failed to demonstrate that the allegations from investigative reports had no possible bearing on the litigation).

Defendant's reliance on *Survivor Prods. LLC v. Fox Broad. Co.* is misplaced, because the material at issue on the motion to strike were conclusory newspaper articles, rather than factual allegations, and even if the material cited were true, as conceded by Plaintiff they had no bearing on the standard for proving copyright infringement, the claim in the litigation. *Survivor Prods.* LLC, 2001 U.S. Dist. LEXIS 25512, *9-10. Further, the Court rejected Plaintiff's contention that the quoted articles were "historical" because they did not provide background facts relating to the parties or to the development of the two programs subject to copyright dispute, but rather, were "post-hoc analysis of similarities between the [two] programs by news reporters, unguided by the legal standards that govern the comparison of two works under copyright law." *Id.* Here, unlike in *Survivor,* the allegations at issue are factual assertions rather than conclusory analysis that directly relate to legal issues in dispute, including notice of a hostile environment, and notice that avenues of response to such an environment was insufficient and not working to prevent future harassment. The allegations further relate to Plaintiffs'

punitive damages claim.

Finally, while Defendant argues that the allegations relate to a time period preceding the hiring of the individual plaintiffs, this does not render them irrelevant. The longer CRST has had notice of the ongoing dangerous situation, and time to correct it, the stronger plaintiffs' liability and punitive damages claims. Also, members of the putative class could have been working for CRST at the time the EEOC filed its suit. Defendant's motion to strike should be denied.

**B.     Plaintiffs are Not Relitigating the EEOC Case**

Defendant complains that the allegations at pars. 39-64 have not been evaluated for "reliability and admissibility pursuant to the Federal Rules of Evidence," *Dkt Ent.* 21, p.6. This is not the test for *any* party's ability to include material in a Complaint or Answer. Rather, pleadings are signed under FRCP 11, but there is no rule, and Defendant cited neither rule nor caselaw, that allegations need already have been shown to be admissible and true to include them in a Complaint. Defendant's argument would eviscerate the 7th Amendment right to a jury trial. That no jury ever decided whether the allegations contained in the FAC at pars. 39-64 were true is not a basis on which to strike Plaintiffs' allegations.

**C.     The Allegations Are Not Redundant**

Defendant argues that the allegations are redundant because, in addition to alleging an ongoing pattern or practice, Plaintiffs have alleged one going back to 1999. There is nothing redundant about pointing out an ongoing or longstanding problem. While

8

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

Plaintiffs agree with Defendant that they have pled facts that if proved true demonstrate a pattern or practice of discrimination ("if Plaintiffs' goal is to allege that Defendant currently maintains a pattern or practice of harassment, retaliation, and constructive discharge, Plaintiffs have certainly done so in FAC Paragraphs 67 to 71 ..."), evidence that reflects Defendant's notice of years of discrimination is not redundant. Defendant cites no cases striking allegations on redundancy grounds. As Plaintiffs have already demonstrated that the allegations relate to Plaintiffs' claims, Defendant has failed to show the allegations should be stricken.

### D. Defendant's Effort To Strike Paragraph 65 Should Be Rejected

In Paragraph 65 of the FAC, Plaintiffs included an allegation concerning a jury award to a female driver who was raped by her trainer. Defendant argues its inclusion is improper because it attempts to cast the company in a negative light, and is irrelevant and therefore prejudicial. Defendant fails to explain how the material is irrelevant, or prejudicial. Moreover, while the allegation may cast the company in a negative light, it is because of the company's (in)actions, not the inclusion of the allegation. For the same reasons that the EEOC allegations are relevant (*see supra, Section* A), so is the allegation in Par. 65.

### E. The Allegations at FAC 39-65 Are Not Included For the Purposes of Scandalizing And Should Not Be Stricken

Plaintiffs' allegations are not "scandalous" as contemplated by FRCP 12. A "scandalous" matter improperly casts a derogatory light on someone, usually a party.

*Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005) *(overruled on other grounds),* citing *Skadegaard v. Farrell,* 578 F.Supp. 1209, 1221 (D. N.J. 1984); *additional citations omitted.* "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."*Id.* Here, Defendant has failed to articulate any prejudice to it from the allegations other than to conclusorily assert that they paint the company in a bad light. This is an insufficient basis to strike. Concern that Plaintiffs are unfairly trying to "convince the fact-finder" or "shock the fact-finder's conscience, and convince a jury" of Defendant's liability is baseless, as inclusion of a fact in a pleading is not a referendum on admissibility of evidence at trial. The Court will rule, at the appropriate time and on appropriate motion, what evidence the jury will hear. Given that Plaintiffs have already articulated the relevance of the allegations, it would be premature to rule that they have no conceivable bearing on the claims at this stage.

Dated: September 14, 2015

**LAW OFFICES OF JOSHUA FRIEDMAN, P.C.**

By  /s/ Rebecca Houlding
         Rebecca Houlding

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**

# CERTIFICATE OF SERVICE

The foregoing Opposition to Defendant's Motion to Strike Portions of Plaintiffs' First Amended Complaint Pursuant to FRCP 12(f) will be served on all parties by filing with the Clerk of Court using the CM/ECF system today, September 14, 2015, which will then send notification of such filing (NEF) to the following:

John L. Barber
Rachel J. Lee
Suzetty C. Chen
Attorneys for Defendant CRST Expedited Inc.

And

Chris Weaver
Local Counsel for Plaintiffs

                      By: /s/ Rebecca Houlding
                             Rebecca Houlding
                             Counsel for Plaintiffs
                             Admitted Pro Hac Vice

11

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**